### 9900.   ATLANTA, BIRMINGHAM AND ATLANTIC RAILWAY COMPANY *v.* PONCELL.

The jury were authorized to find that the presumption of negligence on the part of the railroad company, which arose on proof of the killing of the plaintiff's cow by a train of the company, was not rebutted by the evidence introduced by the defendant. The testimony of the fireman of the locomotive authorized the inference that he was not exercising due care.

DECIDED OCTOBER 16, 1918.

Action for damages; from city court of Waycross—Judge Crawley. April 27, 1918.

*Bolling Whitfield, J. L. Sweat,* for plaintiff in error, cited: *Atlantic Coast Line R. Co.* v. *Cox,* 11 *Ga. App.* 384; *Cen. Ry. Co.* v. *O'Neal,* 11 *Ga. App.* 461.

*Parker & Parker,* contra, cited: *So. Ry. Co.* v. *Carter,* 139 *Ga.* 236; *So. Ry. Co.* v. *Lang,* 11 *Ga. App.* 8; *So. Ry. Co.* v. *Patton,* 10 *Ga. App.* 678; *Cen. Ry. Co.* v. *Dozier,* 117 *Ga.* 793; Civil Code (1910), § 2780.

WADE, C. J.  The killing of the cow by the running of the cars of the defendant company was admitted, and the only question in-

volved is whether the presumption of negligence thereupon arising was sufficiently rebutted. The jury found against the defendant, and the trial judge approved their finding. The engineer in charge of the locomotive testified, that his place was on the right-hand side of the engine, and that the cow came upon the track from the left-hand side, which was partially obscured from his view by the boiler of the engine; that when the animal came within his line of vision it was so close to the locomotive that it was impossible to do anything whatsoever to prevent the killing, for he did not have time to move his hand to the brake-valve if he had attempted to do so, as only about a second elapsed from the time he saw the cow until the engine struck it; that he was expected to watch the left-hand side of the track as best he could; that he could see nothing on that side for a distance of 100 to 120 feet ahead of him, as the boiler cut off the view, but he could see anything beyond that distance, on both sides, as far as the head-light shone. From this testimony it was apparent that the injury was not brought about through any negligence on the part of the engineer. The testimony of the fireman disclosed, however, that it was the fireman's duty to watch down the track when sitting on the seat on the left-hand side of the engine, and to report to the engineer any obstruction coming within his line of vision; that he was occupying this seat and looking straight ahead at the time the cow was struck, but saw nothing except the track and certain switch-lights; that he never saw the cow at all until the next morning, and did not know which side she came from, or that the engine had struck her, except from what the engineer said; that he was on the lookout for signals and was watching the track, and was not looking for stock at all, and did not have his mind on stock at that time, but if he "had been looking directly for a cow," he might have seen her. From this testimony the jury could have legitimately inferred that the fireman was not exercising proper care at the time of the injury by looking down the track as he testified, since, under his evidence, had he been so looking, he must inevitably have seen the cow on or approaching the track from his side; and hence the jury was authorized to find that the presumption of negligence was not satisfactorily rebutted. The question is a close one, but, under numerous rulings of the Supreme Court and of this court, we do not feel justified in setting the verdict aside.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*